# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MARK SILVERA, | § § § | |
| *Petitioner*, | § | |
| v. | § § | |
| WILLIAM P. JOYCE, *Acting Field Office Director, Immigration and Customs Enforcement*; JEFFERSON SESSIONS, *U.S. Attorney General;* KIRSTJEN NIELSEN, *Secretary of U.S. Department of Homeland Security*, | § § § § § § § § | EP-17-CV-00363-DCG |
| *Respondents.* | § § | |

## ORDER

Presently before the Court is Respondents William P. Joyce, Jefferson Sessions, and Kirstjen Nielsen's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" ("Motion for Summary Judgment") (ECF No. 5) filed on January 22, 2018. Therein, Respondents request that the Court dismiss Petitioner Mark Silvera's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." For the reasons that follow, the Court **GRANTS** Respondents' Motion.

### I. BACKGROUND

Petitioner is a citizen of Jamaica. Pet.'s Resp. Respondents' Proposed Undisputed Facts ¶ 1 (hereinafter Pet.'s Resp. Respondents' PUF), ECF No. 17. William P. Joyce is the Acting Field Office Director for Immigration and Customs Enforcement ("ICE") in El Paso, Texas. Writ at 4, ECF No. 1. Jefferson Sessions is the United States Attorney General, and Kirstjen Nielsen is the Secretary of the United States Department of Homeland Security ("DHS"). *Id.* at 5; Mot. Summ. J. at 1.

Petitioner entered the United States as a non-immigrant at an unknown date in 1998. Pet.'s Resp. Respondents' PUF ¶ 2. On October 25, 2001, Petitioner was convicted of attempted possession of marijuana for sale and sentenced to a term of imprisonment of two and a half years in Maricopa County, Arizona. *Id.* ¶ 3. Due to his drug conviction, DHS issued an administrative order of removal from the United States against Petitioner. *Id.* ¶ 4. On December 18, 2002, Petitioner was removed from the United States. *Id.* ¶ 5.

However, in 2003, Petitioner returned to the United States without being properly admitted. *Id.* ¶ 6. On September 9, 2013, Petitioner was convicted of attempted transportation of marijuana for sale and sentenced to a term of imprisonment of two years in Yavapai County, Arizona. *Id.* ¶ 7. On September 26, 2013, immigration authorities in Arizona processed Petitioner for reinstatement of his prior removal order. *Id.* After serving his sentence in Arizona, Petitioner was convicted in federal court of reentry of a removed alien and sentenced to 28 months of incarceration. *Id.* ¶ 8.

On December 21, 2016, after completing his sentence for the crime of reentry of a removed alien, Petitioner was transferred to ICE custody for the execution of his reinstated removal order. *Id.* ¶ 9. Subsequently, Petitioner was referred to an asylum officer after he expressed fear of returning to Jamaica. *Id.* ¶ 11; Writ at 3; Mot. Summ. J. at 3. There is dispute between the parties over the ultimate findings of the asylum officer. Pet.'s Resp. Respondents' PUF ¶ 12; Writ, Ex. B at 3–5; Mot. Summ. J., Ex. 1 ¶ 14, ECF No. 9. However, it is undisputed that the case went before an immigration judge who allowed Petitioner the opportunity to submit Form I-589, "Application for Asylum and Withholding of Removal." Pet.'s Resp. Respondents' PUF ¶ 13; Mot. Summ. J., Ex. 1 ¶ 15. After Petitioner filed Form I-589, the immigration judge held a merits hearing and denied Petitioner's applications. Pet.'s Resp. Respondents' PUF ¶ 17.

On October 20, 2017, Petitioner filed an appeal before the Board of Immigration Appeals ("BIA"). *Id.* ¶ 19. The appeal is currently pending before the BIA, so Petitioner's reinstated removal order cannot yet be executed. *Id.* During the pendency of his asylum proceedings, ICE served Petitioner with Decisions to Continue Detention on April 14, June 21, and October 6, 2017. *Id.* ¶¶ 14, 16, 18.

On November 29, 2017, Petitioner filed a petition for a writ of habeas corpus with this Court. Writ at 1. Petitioner alleges that his continued detention violates his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at 10–11. On January 22, 2018, Respondents filed the instant motion requesting that the Court dismiss the case. Mot. Summ. J. at 18.

## II. STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it 'might affect the outcome of the suit.'" *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))). In deciding whether a genuine dispute as to any material fact exists, a trial court considers all of the evidence in the record and "draw[s] all reasonable inferences in favor of the nonmoving party" but "refrain[s] from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation and internal quotation marks omitted). Instead, the court "only 'give[s] credence to the evidence favoring the nonmovant [and] that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence

comes from disinterested witnesses.'" *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016) (second alteration in original) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)).

Procedurally, the party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (alterations in original) (quotation marks and citation omitted). When the nonmoving party will bear the burden of proof at trial, the moving party may satisfy this responsibility by "point[ing] out the absence of evidence supporting the nonmoving party's case." *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990); *see also Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544–45 (5th Cir. 2005).

If the moving party succeeds, "the onus shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *LHC Grp.*, 773 F.3d at 694 (internal quotation marks and citation omitted). However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 497 n.20 (5th Cir. 2014) (quotation marks and citation omitted).

### III. DISCUSSION

#### A. Motion to Dismiss Improper Party Respondents

As a threshold matter, Respondents assert that Jefferson Sessions and Kirstjen Nielsen are not proper party respondents to this action. Mot. at 5–6. Respondents further contend that

only William P. Joyce is a proper party respondent. *Id.* at 6. Therefore, Respondents request that the Court dismiss Jefferson Sessions and Kirstjen Nielsen from this matter. *Id.* Petitioner failed to respond to this argument. *See* Resp. at 1–22, ECF No. 16.

A writ of habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Thus, the federal habeas statute provides that the proper respondent is the person who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). In other words, the proper respondent is "the person with the ability to produce the prisoner's body before the habeas court." *Padilla*, 542 U.S. at 435 (internal quotation marks omitted). *See also Wales v. Whitney*, 114 U.S. 564, 574 (1885) ("All these provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge"). In practical terms, this means that "[t]here is generally only one proper respondent to a habeas petition." *Shahid v. Lynch*, No. EP-16-CV-00125-DCG, 2016 WL 8674379, at *2 (W.D. Tex. Aug. 2, 2016). The "default rule" is that the proper respondent is the party in charge of the facility where the petitioner is being detained, "not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435.

In the instant case, William P. Joyce is the official who has immediate custody over Petitioner. This is because Joyce is the Acting Field Office Director for ICE in El Paso, Texas, where Petitioner is currently being detained. Mot. at 6. On the other hand, Jefferson Sessions is the Attorney General, and Kirstjen Nielsen, as the Secretary of DHS, is a remote supervisory official. *Id.* Thus, under *Padilla*, both are improper party respondents. *See* 542 U.S. at 435.

William P. Joyce is the only proper party respondent in this matter. Accordingly, the Court GRANTS Respondents' Motion to Dismiss Jefferson Sessions and Kirstjen Nielsen as improper party respondents.

## B. Motion for Summary Judgment – Continued Detention

Petitioner challenges his continued detention as violating his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Writ at 10–11. Further, Petitioner contends that he is entitled to a custody redetermination hearing before the Court. Resp. at 13, 17–18. Petitioner argues that relief is warranted because his detention has continued beyond the presumptively reasonable six-month period and there is no reasonably imminent likelihood of removal. *Id.* at 16–17.

As an initial matter, there is dispute among the parties as to whether Petitioner's claims should be analyzed under the pre-removal decision standards of 8 U.S.C. § 1226(c) or the post-removal decision standards of 8 U.S.C. § 1231(a). Complicating this further is the split of authorities on this issue. *See Bucio-Fernandez v. Sabol*, No. 1:17-CV-00195, 2017 WL 2619138, at *3 (M.D. Pa. June 16, 2017) (collecting cases). However, the Supreme Court's recent decision in *Jennings v. Rodriguez* offers the Court a solution to this dispute. In *Jennings*, the Supreme Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings v. Rodriguez*, No. 15-1204, 2018 WL 1054878, at *15 (U.S. Feb. 27, 2018). Accordingly, because *Jennings* forecloses the relief that Petitioner seeks under § 1226(c), the Court will analyze his claims under § 1231(a) out of an abundance of caution.

Under 28 U.S.C. § 2241, the Court has jurisdiction to adjudicate the constitutionality of Petitioner's continued detention. *Gul v. Rozos*, 163 F. App'x 317, 318–19 (5th Cir. 2006) (*per curiam*) ("We note first that the Real ID Act stripped the district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders. To the extent that Gul's petition challenged his continued detention rather than the final order of removal, nothing in the Real ID Act precluded the district court from adjudicating the claim." (internal citation omitted)). In *Zadvydas v. Davis*, the Supreme Court laid out the framework for analyzing the constitutionality of continued detention under § 1231(a). The Supreme Court stated:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (internal citation omitted). The Supreme Court has applied this framework to both admissible and inadmissible aliens. *Clark v. Martinez*, 543 U.S. 371, 386 (2005) ("Since the Government has suggested no reason why the period of time reasonably necessary to effect removal is longer for an inadmissible alien, the 6–month presumptive detention period we prescribed in *Zadvydas* applies."). Thus, "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Upon the satisfaction of the alien's burden, "[t]he Government then has the burden to present evidence to rebut that showing." *Thanh v. Johnson*, No. EP-15-CV-403-PRM, 2016 WL 5171779, at *4 (W.D. Tex. Mar. 11, 2016).

In the instant case, Petitioner asserts that Respondents have failed to satisfy their "burden of showing that Petitioner is significantly likely to be removed in the reasonably foreseeable future." Resp. at 15. However, the burden is not on the Respondents because Petitioner has not yet satisfied his initial burden to show that no significant likelihood of removal exists. *See Andrade*, 459 F.3d at 543; *Issa v. Pimentel*, No. 3:09-CV-2191-K, 2010 WL 2228533, at *2 (N.D. Tex. Apr. 16, 2010) ("Petitioner contends Respondents have failed to meet their burden of proof under *Zadvydas*. Contrary to Petitioner's assertion, *Zadvydas* rests the initial burden of proof with the alien to provide 'good reason to believe' that there is no likelihood of removal in the reasonably foreseeable future."). The only argument Petitioner makes in an attempt to satisfy his burden is that because the exact date upon which his ongoing withholding-only proceedings will end is uncertain, there is no significant likelihood of removal in the reasonably foreseeable future. Resp. at 16. Nevertheless, Petitioner has offered no evidence that he will not be immediately removed to Jamaica following the resolution of his withholding-only proceedings, and Petitioner's previous removal to Jamaica shows that there are unlikely to be barriers to his removal once his legal proceedings conclude. *See Andrade*, 459 F.3d at 543–44 ("In the instant case, Andrade has offered nothing beyond his conclusory statements suggesting that he will not be immediately removed to Cape Verde following the resolution of his appeals. His constitutional claim is meritless."). *See also Adefemi v. Gonzales*, 228 F. App'x 415, 416–17 (5th Cir. 2007) (*per curiam*) ("The Government presented evidence that Adefemi's removal was imminent in January 2006 when it obtained travel documents from the Nigerian government. It was unable to remove Adefemi, however, because Adefemi had moved to reopen his immigration proceedings, and the Bureau of Immigration Appeals had granted his request to stay the removal. The Government presented evidence that travel documents would be reissued upon

completion of the immigration proceedings. Based on the current appellate record, Adefemi has failed to show good reason to believe that there is no likelihood of his removal."); *Okechukwu Mummee Amadi v. Young*, No. 2:06CV1138, 2007 WL 855358, at *4 (W.D. La. Feb. 12, 2007) ("[T]he court finds that because petitioner's continuing litigation is the cause of his continued detention, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future. Once petitioner's legal proceedings are concluded, it is likely that he will be removed to Nigeria."). Accordingly, Petitioner has failed to meet his initial burden of proof of showing good reason to believe that no significant likelihood of removal in the reasonably foreseeable future exists.

Moreover, other factors support granting summary judgment and denying the petition. In *Zadvydas*, the Supreme Court instructed that "if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." 533 U.S. at 700. Petitioner has two drug convictions in the State of Arizona and a federal conviction for reentry by a removed alien. Pet.'s Resp. Respondents' PUF ¶¶ 3, 7–8. Based on his criminal record, there is a risk that Petitioner will commit another crime prior to removal. Furthermore, Respondents have complied with the mandates of 8 C.F.R. § 241.4 by periodically serving Petitioner with their Decisions to Continue Detention. *Id.* ¶¶ 14, 16, 18; 8 C.F.R. § 241.4(d). Accordingly, the Court GRANTS Respondents' Motion for Summary Judgment.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondents William P. Joyce, Jefferson Sessions, and Kirstjen Nielsen's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Mark Silvera's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter after docketing the Final Judgment to be issued separately on this day.

So ORDERED and SIGNED this 9th day of March 2018.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**